29766.   EASTERN MOTOR COMPANY *v.* LAVENDER.

DECIDED MARCH 10, 1943.

50

*Nathan Jolles, Isaac S. Peebles Jr.,* for plaintiff in error.

*Starkey S. Flythe, J. Paul Stephens, Henry J. Heffernan,* contra.

MacIntyre, J. ■ The controlling issue is whether the buyer of an automobile who brings an independent action for deceit, and who is seeking to repudiate and rescind the contract of conditional sale which contains a clause that "No warranties, express or implied, representations, promises, or statements have been made by the seller, unless indorsed hereon in writing," may, under the facts in this case as found by the jury, repudiate and rescind the contract on account of actual fraud, and rely for recovery on his suit in tort, which suit is denominated in the law of pleading as an action for deceit. The defendant contends that on account of said clause in the written contract parol evidence was inadmissible to contradict or vary this provision of the contract. The defendant's contention would be correct if the jury had found that the written contract was valid. However, the plaintiff contended that he had repudiated the contract on the ground of actual fraud consisting of material and fraudulent misrepresentations which induced him to enter into the agreement. The plaintiff was not seeking to recover on the contract, for he had rescinded it, and after such rescission he had no contract on which he could sue. Hence he brought his suit on "deceit," a tort the essential elements of which are: "(1) That

the defendant made the representations; (2) that at the time he knew they were false (or what the law regards as the equivalent of knowledge); (3) that he made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied on such representations; (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made." *Brown* v. *Ragsdale Motor Co.,* 65 *Ga. App.* 727 (3) (16 S. E. 2d, 176). The written contract of conditional sale, so far as it relates to substantive ground of the action for deceit, stands as if it had never been made, and none of its terms or conditions are binding on the plaintiff; for in the eyes of the law the written contract is nothing when it has been voided by a rescission on account of actual fraud; and parol evidence is admissible to show that the writing was either originally void or has subsequently become so. Code, § 38-503; *Dye* v. *Wall,* supra; *Jewell* v. *Norrell,* 66 *Ga. App.* 11, 14, 15 (16 S. E. 2d, 797). Thus, if the plaintiff pleaded and proved his action for deceit, the provision in question, stated in the conditional-sale contract, after the rescission of the contract would be of no force and effect. And if the injured party proved by parol the five elements necessary to sustain his suit in tort for deceit, based on actual fraud as stated above, he would be entitled to recover. We think the verdict of the jury in so finding was authorized by the evidence.

■ The charge to the jury, when considered in its entirety, embraced the general principles of law applicable to the facts in the case. If any amplification of the general principles which the charge contained, or a more specific instruction with reference to the particular matter, had been desired, a timely written request for such instruction should have been submitted.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*