## 28676. CITY DODGE, INC. v. GARDNER.

INGRAM, Justice.

A suit in tort by a buyer against a seller for an alleged fraudulent misrepresentation of the seller's agent resulted in a jury verdict and judgment for the buyer and on appeal by the seller the Court of Appeals affirmed. Certiorari was granted to review this decision and we

have determined the judgment of the Court of Appeals should be affirmed.

In this case, the buyer contended that he purchased a used automobile with the understanding that the vehicle had never been wrecked. The seller denied that this representation was made by his agent (salesman) to the buyer. The buyer signed a sales agreement which contained the words, "no other agreement, promise or understanding of any kind pertaining to this purchase will be recognized." In addition, the purchase agreement stated that the car is sold "as is." Subsequent to the purchase, the buyer discovered that the automobile had been wrecked, tendered the car to the seller, unilaterally rescinded the contract and brought the present action in tort for fraud and deceit.

In our review of the case, we accept the jury's factual determination that the seller's agent knowingly misrepresented the car as never having been wrecked. See *Central R. Co. v. Ferguson & Melson,* 63 Ga. 83, 85; *M. & G. Textile Co. v. West Point-Pepperell, Inc.,* 126 Ga. App. 43 (189 SE2d 878). In addition, we conclude this representation that the car had never been wrecked is an express rather than an implied warranty. Code Ann. § 109A-2—313; *Jacobs Pharmacy Co. v. Gipson,* 116 Ga. App. 760, 762 (159 SE2d 171). See also, White, Sales Warranties under Georgia's Uniform Commercial Code, 1 Ga. State B. J. 191, 192 (1964). We, also, conclude that the "as is" language used here is ineffective to negate an express warranty. Code Ann. § 109A-2—316 (3) (a).

The decisive issue we address is whether the language of the merger clause that "no other agreement, promise, or understanding of any kind — pertaining to this purchase will be recognized," was legally effective to prevent the buyer from claiming that he relied on the seller's misrepresentation. It has been recognized that § 2-202 of the Uniform Commercial Code (Code Ann. § 109A-2—202) was intended to allow sellers to prevent buyers from making false claims of oral warranties in contract actions. See, Note, 54 Minn. L. Rev. 846, 849 (1970). Thus, in contract actions the effect of merger and disclaimer clauses must be determined under the provisions of the Uniform Commercial Code.

However, under Georgia law, traditionally two actions have been available to a buyer in which to sue a seller for alleged misrepresentation in the sale. The buyer could affirm the contract and sue in contract for breach or he could seek to rescind the contract and sue in tort for alleged fraud and deceit. See, *Brown v. Ragsdale Motor Co.,* 65 Ga. App. 727 (16 SE2d 176); and, *Eastern Motor Co. v. Lavender,* 69 Ga. App. 48 (24 SE2d 840). Our threshold question in this tort case is to determine whether the adoption of the Uniform Commercial Code (Code Ann. Title 109A) left available in Georgia a buyer's historic remedy in tort. The passage of the Uniform Commercial Code by the legislature evinced an intent to have that body of law control all commercial transactions. Code Ann. § 109A-1—102. However, while the Code is an attempt to make uniform the law among the various jurisdictions regarding commercial transactions, the draftsmen realized that it could not possibly anticipate all situations. Thus, § 1-103 (Code Ann. § 109A-1—103) states: "Unless displaced by the particular provisions of this Act, the principles of law and equity, including the law merchant and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy, or other validating or invalidating cause shall supplement its provisions."

In addition, Code Ann. § 109A-2—721 provides that: "Remedies for material misrepresentation or fraud include all remedies available under this article for non-fraudulent breach. Neither rescission or a claim for a rescission of the contract for sale nor rejection or return of the goods shall bar or be deemed inconsistent with a claim for damages or other remedy."

The commentary by the drafters of the Uniform Commercial Code on this section states: "Thus the remedies for fraud are extended by this section to coincide in scope with those for nonfraudulent breach. This section thus makes it clear that neither rescission of the contract for fraud nor rejection of the goods bars other remedies unless the circumstances of the case make the remedies incompatible." See, Official Comment, Uniform Commercial Code, § 2-721.

We conclude from this language that neither the draftsmen nor the legislature intended to erase the tort remedy for fraud and deceit with the adoption of the Uniform Commercial Code in Georgia. In support of this conclusion, we find many Georgia cases subsequent to the adoption of the Uniform Commercial Code which recognize the tort remedy. (E. g., *Wade Ford, Inc. v. Perrin,* 111 Ga. App. 794 (143 SE2d 420); *Rogers-Farmer Metro Chrysler-Plymouth, Inc. v. Barnett,* 125 Ga. App. 494 (188 SE2d 122)). No authority to the contrary has been cited to us, and we note that many of our sister states also provide a tort remedy. See, e. g., Clements Auto Co. v. Service Bureau Corp., 444 F2d 169 (8th Cir. 1971); Sauerman v. Stan Moore Motors, Inc., 203 N. W. 2d 191 (1972); Chester v. McDaniel, 504 P. 2d 726 (1972). For additional supportive authority, see 3A Bender's UCC Service, § 14.10, and White & Summers Handbook of the Law under the Uniform Commercial Code, § 8-1, p. 248. The latter treatise notes that, "[A]lthough their meaning is not crystal clear, it appears that the draftsmen contemplate a cause of action for fraud in which the buyer would have the right to return the goods purchased and get his money back. Presumably, this right to return the goods and get his money back is a right to 'rescission' which exists outside the Code." White & Summers, supra, p. 248, Fn. 9.

Having decided that a remedy in tort still exists in Georgia for actual fraud, we turn next to the seller's contention that the disclaimer language used here prevented any reliance by the buyer on the alleged fraudulent misrepresentation, and consequently the buyer's action must necessarily fail. The seller contends that there is no fraud on which the buyer relied that prevented him from knowing the contents of the contract, and, therefore, the buyer is bound by the terms of the contract. Some Georgia cases have held that a disclaimer clause in the contract prevents the buyer from asserting reliance, one of the requisite elements of fraud and deceit,[1] and have rejected a recovery in tort for fraud. (E.

---

[1] The five elements of fraud and deceit in Georgia are: (1) false representation made by the defendant; (2)

g., *Floyd v. Woods,* 110 Ga. 850, 36 SE 225; *Holbrook v. Capital Automobile Co.,* 111 Ga. App. 601, 142 SE 288). Other Georgia cases have indicated that when the rescinded contract is found by the jury to be void because of antecedent fraud, the disclaimer therein is void and offers no protection to the seller. (See, *Brown v. Ragsdale,* supra; *Eastern Motor Co. v. Lavender,* supra; and other cases noted in 36 ALR3d 125, 151-172).

We believe the better view is that the question of reliance on the alleged fraudulent misrepresentation in tort cases cannot be determined by the provisions of the contract sought to be rescinded but must be determined as a question of fact by the jury. It is inconsistent to apply a disclaimer provision of a contract in a tort action brought to determine whether the entire contract is invalid because of alleged prior fraud which induced the execution of the contract. If the contract is invalid because of the antecedent fraud, then the disclaimer provision therein is ineffectual since, in legal contemplation, there is no contract between the parties. In this case, parol evidence of the alleged misrepresentation was admissible on the question of fraud and deceit. As the antecedent fraud was proven to the satisfaction of the jury, it vitiated the contract. We hold, therefore, that the Uniform Commercial Code (Code Ann. Title 109A) does not preclude an action in tort based upon fraudulent misrepresentation inducing the sale where the plaintiff proves by a preponderance of the evidence the elements of fraud and deceit recognized under Georgia law, and that such a tort action cannot be controlled by the terms of the contract itself.

The judgment of the Court of Appeals will be affirmed.

*Judgment affirmed. All the Justices concur, except Jordan, J., who dissents. Hall, J., disqualified.*

Argued June 10, 1974 — Decided September 3, 1974 —

scienter; (3) an intention to induce the plaintiff to act or refrain from acting in reliance by the plaintiff; (4) justifiable reliance by the plaintiff; (5) damage to the plaintiff. See *Eastern Motors Co. v. Lavender,* supra, p. 52.

REHEARING DENIED SEPTEMBER 24, 1974.

*Webb, Parker, Young & Ferguson, Paul Webb, Jr., John Tye Ferguson,* for appellant.

*Harmon & Smith, Archer D. Smith, III, Tyrone M. Bridges,* for appellee.