## 51172. RANDALL v. SMITH.

MARSHALL, Judge.

Appellant Randall appeals the grant of a summary judgment in favor of the appellee Smith. Smith doing business as a used car salesman and owner of the new and used car business, sold a used auto to Randall. The contract provided, in pertinent part: "The undersigned purchaser accepts the automobile described on own judgment as to value with the understanding that Smith and Smith New and Used Cars guarantees only the title to said automobile and that it does not guarantee material, workmanship or condition. Sold As Is. There are no verbal agreements or understandings affecting the contract between parties hereto, and no alterations are binding upon the seller, unless made in writing and signed by the manager or the seller." This contract was signed and dated by Randall and Smith.

The facts further reflect that prior to the sale, Smith

assured Randall the vehicle was in good condition and suitable for driving. Smith had test-driven the vehicle and found no noticeable deficiencies. Randall took the vehicle for a test drive and likewise found no noticeable deficiencies. Randall then obtained a loan for payment for the car, paid cash to Smith and drove the car home. Later the same day of the purchase, Randall brought the newly-purchased vehicle back to Smith complaining that the oil light indicator would not extinguish. Shortly thereafter Randall discovered the brakes were defective and the left front wheel had "locked-up." When the car was returned with a complaint, Smith had the oil changed and the car tuned up at his own expense and the car was returned to Randall. Randall was not satisfied and complained that the car was not merchantable nor suitable for driving, and that Smith had induced him to buy the car upon fraudulent representations. Randall returned the car to Smith's car lot, left it there and claimed the contract was rescinded as being based upon fraud in its inception. He demanded the return of the approximate $1,025 purchase price. *Held:*

"Where parties have reduced to writing what appears to be a complete and certain agreement, it will, in the absence of fraud . . . be conclusively presumed that the writing contains the entire contract, and parol evidence of prior or contemporaneous representations or statements is inadmissible to add to, take from, or vary the written instrument." *Bullard v. Brewer,* 118 Ga. 918 (45 SE 711).

Appellant acknowledges the general rule but asserts that the contemporaneous oral promises concerning the condition of the car constituted fraudulent representations and induced him to enter into the contract to his prejudice. He further asserts that fraud in the inducement allows parol evidence to show the fraud and once established allows the defrauded party either to affirm the contract and sue for damages or to rescind the contract and demand return of the consideration. *Elliott v. Marshall,* 179 Ga. 639 (3), 641 (176 SE 770). He followed the latter course of action.

We conclude that appellant has not shown fraud in the inducement for several reasons. In the first place, the oral statements made by Smith, that the car was in good

condition and suitable for driving were mere sales "puffing." See *Williams v. Fouche,* 164 Ga. 311 (5) (138 SE 580); *Terhune v. Coker & Co.,* 107 Ga. 352 (33 SE 394); *Snow's Laundry &c. Co. v. Ga. Power Co.,* 61 Ga. App. 402 (4), 405 (6 SE2d 159). The statement was that of an opinion not a statement of fact. See e. g., *City Dodge, Inc. v. Gardner,* 232 Ga. 766 (208 SE2d 794) (car has never been wrecked); *Gem City Motors, Inc. v. Minton,* 109 Ga. App. 842, 845 (137 SE2d 522) (car has been driven a certain number of miles); *Norris v. Hart,* 74 Ga. App. 444 (40 SE2d 96) (car has been wrecked). The statement of an opinion cannot constitute the basis for a claim of fraud. *Brown v. Mack Trucks, Inc.,* 111 Ga. App. 164, 167 (141 SE2d 208).

Secondly, appellant relies on the constructive knowledge of the seller, Smith, i.e., that Smith, as a used car dealer, through ordinary and reasonable diligence should have known of the deficiencies that appeared the same day of the sale and had the obligation of warning appellant of those deficiencies. Constructive knowledge of defects cannot be the basis of fraud in this case. *Whaley v. Holt,* 110 Ga. App. 228 (138 SE2d 196); *Bivins v. Tucker,* 41 Ga. App. 771, 773 (154 SE 820).

Appellant further supports his premise by showing that Smith would "stand behind the car" and undertook after the sale to make repairs but failed to deliver the car back in a driving condition. Appellee Smith admits that, with no additional cosideration, he undertook to tune the motor of the auto and change the oil. The mere breach of an alleged oral promise as to future repairs, contradicting the terms of the written agreement does not constitute fraud. *Beach v. Fleming,* 214 Ga. 303, 306 (104 SE2d 427); *Sumner v. G. M. A. C.,* 53 Ga. App. 630 (186 SE 747).

Finally, the appellant has not shown requisite diligence on his own part. "When the means of knowledge are at hand and equally available to both parties to a contract, if one of them does not avail himself thereof he will not be heard later to say in impeachment of the contract that he was deceived by the representations of the other. The burden is upon him to show not only that he relied upon the representations, but that in doing so he was not wanting in the proper diligence . . . So far as appears, he was the victim of his own credulity." *Sawyer v.*

*Birrick,* 33 Ga. App. 746, 747 (127 SE 806). See also, *American Food Services, Inc. v. Goldsmith,* 121 Ga. App. 686 (175 SE2d 57). The written agreement, by its very terms, placed him on notice that if he had questions about the car he would be required to make inquiry.

Appellant having shown no fraud, was not entitled to introduce parol evidence to vary the plain terms of the written agreement of sale. *Bullard v. Brewer,* 118 Ga. 918, supra.

The trial court properly granted the motion for summary judgment in favor of the appellee-defendant below.

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

SUBMITTED OCTOBER 6, 1975 — DECIDED DECEMBER 2, 1975.

*Bennett & Dantzler, Thomas W. Bennett, Stephen E. Curry,* for appellant.

*Melton, McKenna & House, E. Thomas Shaffer,* for appellee.