S<small>UBMITTED</small> J<small>ULY</small> 1, 1980 — D<small>ECIDED</small> J<small>ULY</small> 11, 1980.

*Sharon A. Shade,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellee.

## 59547. BOB MADDOX DODGE, INC. v. McKIE.

S<small>OGNIER</small>, Judge.

In October, 1977, appellee McKie purchased a used 1975 Oldsmobile from appellant dealer for $3,736 and signed a purchase order contract containing an express disclaimer of all warranties. Within two weeks of the purchase, the engine of the automobile burned up and had to be repaired at a total cost of $1,643.42. Appellee filed suit against appellant in tort for fraud and deceit seeking actual damages including loss of time, loss of use, rental costs, punitive damages and attorney fees. A jury verdict in McKie's favor was returned awarding her $3,000 actual damages, $5,000 punitive damages and $3,000 attorney fees. Appellant's motion for a directed verdict and a new trial was denied and this appeal ensued.

At the time of trial the automobile was in appellant's possession. Prior to that time the automobile had been held by a South Carolina dealer who had repaired it and was obtained from him in January of 1979 by appellant, who at that time paid the repair costs. McKie never had possession of the automobile after October, 1977, was never notified by appellant or the South Carolina dealer that the vehicle had been delivered to appellant, but by the time of trial had learned that it was in appellant's possession. At trial McKie testified that she did not want the vehicle back and that it was in appellant's possession. The appellant enumerates as error a lack of fraud; excessive damages; failure to rescind the contract and tender back the consideration (the vehicle); the allowance of testimony as to the worth of Maddox; improper admission of evidence; and an improper charge to the jury.

1. "Fraud may not be presumed, but, being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence." Code Ann. § 37-706. A review of the record indicates that there was sufficient evidence to support the verdict, *Brown v. Techdata Corp.,* 238 Ga. 622, 625 (234 SE2d 787) (1977); *W. H.*

*Mulherin Const. Co. v. Betterton,* 135 Ga. App. 223 (217 SE2d 454) (1975), and we will not disturb it. This applies as well to the issue of damages.

2. Where the purchaser of personal property has been injured by the false and fraudulent representations of the seller as to the subject matter thereof, he ordinarily has an election whether to rescind the contract, return the article and sue in tort for fraud and deceit, or whether to affirm the contract, retain the article and seek damages resulting from the fraudulent misrepresentation. *Nichols v. Williams Pontiac, Inc.,* 95 Ga. App. 752 (98 SE2d 659) (1957); *City Dodge v. Gardner,* 130 Ga. App. 502 (1) (203 SE2d 729) (1973), affd. 232 Ga. 766 (208 SE2d 794) (1974). Accord *Rodrigue v. Mendenhall,* 145 Ga. App. 666, 667 (1) (244 SE2d 598) (1978). Appellee has elected to rescind the contract and we treat her testimony at trial as confirming tender of the vehicle to appellant. The vehicle was in appellant's possession and appellee renounced her title to the vehicle in open court. This is sufficient tender of the vehicle to appellant. Considering these facts, to require more would be to require useless actions, which this court will not do. *Hale v. Higginbotham,* 228 Ga. 823, 825 (188 SE2d 515) (1972); *Walker v. Bush,* 234 Ga. 366, 369 (216 SE2d 285) (1975). We treat the contract as rescinded and the cause as one for fraud; therefore, the disclaimer of warranty is no longer binding. *City Dodge v. Gardner,* supra; *Eastern Motor Co. v. Lavender,* 69 Ga. App. 48 (24 SE2d 840) (1943).

3. Appellant cites as error the trial court's admission of evidence of the financial worth of Bob Maddox. The question was asked if Bob Maddox owned other agencies to which the witness responded that he had two other agencies in Georgia. However, the corporation, Bob Maddox Dodge, Inc. is the defendant. Evidence of worldly circumstances is not admissible on the issue of punitive damages under Code Ann. § 105-2002 (as distinguished from vindictive damages under Code Ann. § 105-2003). *Hodges v. Youmans,* 129 Ga. App. 481, 486 (200 SE2d 157) (1973). Even if admissible, it would not be admissible in the instant case, as it is evidence of the worldly circumstances of the corporate defendant's chief stockholder, not the corporation, and therefore, it is irrelevant and immaterial. Nevertheless, after a review of the objectionable question and answer, we do not find the evidence so prejudicial as to require reversal. *Ga. Power Co. v. Hendricks,* 97 Ga. App. 369, 373 (103 SE2d 601) (1958).

4. Appellee offered requests for admission as rebuttal evidence at the close of the trial. We find no error in the trial court's admission of such evidence. *Dept. of Transp. v. English,* 135 Ga. App. 425, 427 (218 SE2d 134) (1975); *Forsyth v. Peoples, Inc.,* 114 Ga. App. 726 (152

SE2d 713) (1966); *Brooks v. Roley & Roley Eng.,* 144 Ga. App. 101 (240 SE2d 596) (1977).

5. Appellant complains that the trial court erred in its charge to the jury. After a review of the evidence and the charge, we find no reversible error.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

SUBMITTED MARCH 5, 1980 — DECIDED JUNE 24, 1980 — REHEARING DENIED JULY 14, 1980 — ▮▮▮▮▮▮▮

*W. Barry Williams,* for appellant.
*Timothy S. Mirshak,* for appellee.

