## 64983. REILLY v. MOSLEY.

CARLEY, Judge.

Appellant-plaintiff responded to appellee-defendant's newspaper advertisement offering a 1977 vehicle for sale. Appellant inspected the car, signed an agreement to purchase it "as is," and paid $200 of the agreed purchase price, the balance thereof to be paid at delivery of the vehicle. On the following day, appellant paid the balance of the purchase price, accepted delivery of the automobile, and received a bill of sale noting that it was being sold "as is." Several days later, appellant attempted to rescind the contract and recover the purchase price based upon appellee's alleged misrepresentations concerning the accuracy of the vehicle's odometer reading and its prior ownership. Appellee refused to accept redelivery of the car or return the purchase price to appellant.

Appellant then filed a multi-count complaint against appellee. Count I was a tort claim premised upon fraud and deceit and sought return of the purchase price. Count II alleged a violation of the Georgia Fair Business Practices Act, Ga. Code Ann. § 106-1201 et seq. Count III sounded in contract and was ostensibly a claim for breach of warranty. After discovery, appellee moved for summary judgment as to all counts of appellant's complaint. The trial court granted appellee's motion, and it is from that order that appellant brings the instant appeal.

1. We turn to the issue of the grant of summary judgment on appellant's tort claim.

The essential elements of a claim for the tort of deceit are: " '(1) That the defendant made the representations; (2) that at the time he knew they were false (or what the law regards as the equivalent of knowledge); (3) that he made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied on such representations; (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made.' [Cit.]" *Eastern Motor Co. v. Lavender,* 69 Ga. App. 48, 51-52 (24 SE2d 840) (1943). While, at trial, the burden of proof as to each of these elements would be upon appellant as plaintiff, on summary judgment the burden was upon appellee as movant to negate at least one of them. See generally *First of Ga. Ins. Co. v. Josey,* 129 Ga. App. 14 (198 SE2d

381) (1973).

With regard to the first element of appellant's claim, whether false representations were made by appellee, there is a factual dispute. Appellee denies making any such representations. However, construing the evidence most strongly for appellant, appellee did make certain representations concerning the accuracy of the vehicle's odometer reading and its prior ownership which were subsequently determined to be untrue. Accordingly, a genuine issue remains concerning whether appellee in fact made false representations to appellant concerning the automobile.

With regard to the elements of scienter and intention to deceive, appellee's evidence demonstrates that, at the time he purchased the car, an odometer statement was given to him by his vendor which corresponded with the mileage shown at that time on the odometer in the vehicle. Appellee asserts that he would be entitled to rely upon the ostensibly accurate odometer certificate which was given to him in making any representations to appellant concerning the actual mileage on the vehicle at the time he offered it for sale to her.

Scienter and intent to deceive are determined on the basis of the vendor's knowledge of the falsity of his representations at the time he makes them to a prospective purchaser. Accordingly, appellee would not be entitled to rely upon the ostensible accuracy of an odometer certificate previously given to him if, at the time he made representations concerning mileage to appellant, he knew that the certificate itself contained false and inaccurate statements. " 'The intention to deceive and the immoral element are supplied by knowledge of the falsity of the representations *when they were made.*' [Cit.]" (Emphasis supplied.) *Bill Spreen Toyota v. Jenquin,* 163 Ga. App. 855, 859 (294 SE2d 533) (1982). All the evidence in the instant case shows is that appellee received an ostensibly accurate odometer certificate from his vendor which subsequently proved to be false. There is no evidence conclusively demonstrating that appellee did not know of the falsity of the certificate at the time he made representations based thereon to appellant. If at the time he made his representations to appellant, appellee relied in so doing solely upon the odometer certificate previously given to him and he did so innocently without knowledge of its falsity, appellee's representations to appellant, while false, would not have been made with the requisite knowledge and intent to defraud appellant. However, on the record before us, appellee's lack of knowledge of the falsity of the odometer reading and his lack of intent to deceive appellant in that regard at the time the representations were made are not sufficiently established to authorize the grant of summary

judgment. See *Preiser v. Jim Letts Oldsmobile,* 160 Ga. App. 658, 664 (5) (288 SE2d 219) (1981).

Appellee strongly asserts that the essential element of appellant's claim most lacking in the case is reliance by appellant upon the representations. In this regard appellee first argues that the "as is" language appearing in the documents evidencing the sale is fatal to an assertion of justifiable reliance because such contractual language demonstrates that appellant was "on notice that if [she] had questions about the car [she] would be required to make inquiry." *Randall v. Smith,* 136 Ga. App. 823, 826 (222 SE2d 664) (1975). The above quoted language from *Randall* has no application in the instant case. The cited quote from *Randall* has reference to the assertions in that case that the plaintiff was defrauded by the defendant's *failure to disclose* certain deficiencies in the automobile offered for sale. In the instant case however, construing the evidence most strongly for appellant, she did in fact ask appellee questions or at least received unsolicited representations from him concerning the vehicle, thereby receiving actual *oral* misrepresentations upon which her tort claim is based. Under these circumstances, the issue of appellant's diligence and justifiable reliance is resolved, not on the basis of whether appellant should have made further inquiry concerning the underlying condition of the automobile but, rather, on the basis of whether appellant, in the exercise of common prudence and diligence, was justified in relying on appellee's actual oral misrepresentations. See generally *Wilkinson v. Walker,* 143 Ga. App. 838 (240 SE2d 210) (1977).

"The question of whether the plaintiff could have protected himself by the exercise of ordinary diligence is usually left to the jury. [Cits.]" *Lariscy v. Hill,* 117 Ga. App. 152, 153 (159 SE2d 443) (1968). We find nothing in the record before us which would take the instant case outside this general rule. The fact that the documents evidencing the sale reflect that the automobile was being purchased by appellant "as is" would not preclude her as a matter of law from proving that appellee made antecedent misrepresentations upon which she relied in purchasing the vehicle. In the first instance, "as is" language is ineffective to negate antecedent express warranties, as apparently appellee's representations were. *City Dodge v. Gardner,* 232 Ga. 766, 767 (208 SE2d 794) (1974), aff'ing 130 Ga. App. 502 (203 SE2d 729) (1974). Moreover, construing the allegations of appellant's tort count most strongly in her favor, that claim is premised upon her election to rescind the purchase, return the automobile to appellee and recover the purchase price. "It is the fact of this . . . rescission and continuing tender which takes the instant case out of the category of those decisions holding that a buyer of an automobile is precluded

from recovery for fraudulent misrepresentations occurring during purchase negotiations when he subsequently signs a contract containing a disclaimer of any warranties except those expressed in writing . . ." *City Dodge v. Gardner,* 130 Ga. App. 502, 503, supra. "[T]he question of reliance on the alleged fraudulent misrepresentation in tort cases cannot be determined by the provisions of the contract sought to be rescinded but must be determined as a question of fact by the jury." *City Dodge,* 232 Ga. at 770, supra. Accordingly, the question of appellant's justifiable reliance upon appellee's misrepresentations is not eliminated by the "as is" language appearing in the underlying documents and this issue remains in the case on the record before us.

Finally, the appellee's evidence did not pierce the appellant's allegations concerning the damages she suffered as the result of appellee's misrepresentations. The " 'right [of the purchaser] to return the goods and get his money back is a right to "rescission" which exists . . .' [Cit.]" *City Dodge,* 232 Ga. at 769, supra.

The evidence of record fails to demonstrate that no genuine issue of material fact remains with regard to any of the essential elements of appellant's tort claim for fraud and deceit. Accordingly, it was error to grant appellee summary judgment as to Count I of appellant's complaint.

2. We must now review the trial court's grant of summary judgment in favor of appellee as to Count II of the complaint which alleged a violation of the Georgia Fair Business Practices Act (FBPA). "Based upon our interpretation of the underlying purpose and intent of the FBPA we construe the language of Code Ann. § 106-1203 (a), 'in the conduct of any trade or commerce,' as requiring that the alleged wrongful act in a 'consumer transaction' occur in the context of the on-going business in which the defendant holds himself out to the public . . . There is insufficient public interest in a single instance in which an owner undertakes to sell his own property to invoke the FBPA . . . The objective of the FBPA is the elimination of deceptive acts and practices in the 'consumer marketplace.' For there to be a 'consumer marketplace' the underlying transaction must involve a businessman as well as a consumer." *Zeeman v. Black,* 156 Ga. App. 82, 85-86 (273 SE2d 910) (1980). The evidence demonstrates that the alleged misrepresentations inducing the sale of the vehicle in the instant case occurred "in the course of private negotiations between two individual parties who have countervailing rights and liabilities established under common law principles of contract [and] tort . . . law." *Zeeman,* supra, at 85. It was not error to grant appellee summary judgment as to Count II.

3. As an alternative to her Count I, appellant's Count III

sounded in contract and, as noted above, was ostensibly a claim for breach of warranty. In moving for summary judgment as to this count, appellee relied "on the documents, together with the admissions of [appellant]." As noted above, appellee's alleged representations preceding the sale of his automobile to appellant were apparently antecedent express warranties and "the 'as is' language used [in the underlying documents] is ineffective to negate an express warranty. [Cit.]" *City Dodge,* 232 Ga. at 767, supra. We find nothing in the documents or in appellant's admissions which would pierce appellant's pleadings with regard to Count III. Genuine issues of material fact remain with regard to appellant's entitlement to a recovery under this alternative count of her complaint and the trial court erred in granting appellee summary judgment thereon.

*Judgment affirmed in part and reversed in part. Shulman, C. J. and Quillian, P. J., concur.*

DECIDED FEBRUARY 2, 1983 —
REHEARING DENIED FEBRUARY 18, 1983.

*Phillip N. Lavender,* for appellant.
*Carl A. Adcock,* for appellee.