Max SAUERMAN and Virginia Sauerman,
Appellees,

v.

STAN MOORE MOTORS, INC., d/b/a Stan
Motors, Inc., Appellant.

No. 55257.

Supreme Court of Iowa.

Dec. 20, 1972.

Maggert & Wagener, Ankeny, for appellant.

W. Lawrence Oliver, Des Moines, for appellee.

Heard by MOORE, C. J., and MASON, RAWLINGS, REES and HARRIS, JJ.

REES, Justice.

This is an appeal from a judgment entered in an action in which plaintiffs sought to cancel and rescind a contract for the purchase of a used automobile. Plaintiffs allege they were induced by fraudulent misrepresentations made to them by defendant and its agents and employees to purchase the automobile. They sought to recover the purchase price with interest. Trial court found defendant and its agents made statements of fact relative to the condition of the car at the time plaintiffs purchased the same, which induced plaintiffs to buy the car and upon which plaintiffs relied, believing them to be true, and that the statements so made by defendant and its agents were statements of fact and not of opinion. The court further found plaintiffs notified defendant of their intention to rescind within a reasonable time after they acquired knowledge of the existence of the defects in the automobile and the cause for rescission, and rendered judgment against defendant for the amount of the purchase price with interest. We affirm trial court.

On or about September 12, 1970 the plaintiffs, accompanied by their two sons, went to the defendant's place of business to purchase an automobile which they felt would be suitable for their 16-year old son, Robert. They looked at a 1965 model Chevrolet sports car with a 4-speed transmission, and were informed by a salesman for defendant that the automobile had been on defendant's lot only about 30 days and all it needed to make it a first class car were spark plugs and points.

Plaintiffs later talked to Mr. Moore, the president of defendant, with whom they had had a prior social acquaintance, and in whom they reposed confidence. They were informed by Moore the 1965 Chevrolet was a very good car—that there was nothing wrong with it.

Mr. Sauerman, one of plaintiffs, then drove the car about two miles at a moderate rate of speed, and although he noticed the car shook some, he felt this was caused by the wheels or tires being out of balance. He had some trouble shifting gears as he was not familiar with the floor shift. Sauerman had had some experience with automobiles, as he had been employed as service manager of the repair department of a service garage in Des Moines, although he testified he had never before been interested in the purchase of a used auto. His visual inspection of the automobile in question led him to believe the car, because of its clean appearance, was in good condition and that there was nothing wrong with it, and plaintiffs thereupon determined to purchase the car from defendant.

Two days later Robert Sauerman, plaintiffs' son, for whose use the automobile had been purchased, drove the car to Ankeny, a distance of only a few miles, and before departing for Ankeny he had the oil checked in the transmission and found that the car needed a quart of oil. Upon his return from Ankeny, he found it needed a second quart of oil. The parties then found the car was blowing oil out of the front main bearing to the extent that when the car sat in the driveway it left an oil spot a foot in diameter.

Plaintiffs then complained to Mr. Moore, president of defendant, and told him they expected him to put the automobile in working condition. They had several contacts with Moore, but were unable to come to any understanding or agreement with him, and finally tendered the car back to him, and demanded a refund of the purchase price. This was refused, and the suit was instituted.

In the first division of their petition, plaintiffs prayed for judgment against defendant for the sum of $904.35, the purchase price of the automobile, and for judgment for $250 for damages for breach of warranty. In Division II of their petition, plaintiffs invoked the Iowa Consumer Fraud Act by reference. At the close of plaintiffs' evidence, and again at the close of all of the evidence, defendant moved to dismiss Division II of plaintiff's petition, and also moved for a directed verdict. In its motion to dismiss Division II, defendant asserted the Consumer Fraud Act was not relative to the action, and in the motion for directed verdict, defendant contended the "facts stated" which is undoubtedly a reference to the evidentiary facts established) are contrary to the provisions of section 554.2313 to 554.2316 of the Uniform Commercial Code sections of the 1971 Code. They allege further that as plaintiff Sauerman was a mechanic and had knowledge and experience in the field of automotive repairs, that no reliance was placed on the statements alleged to have been made by defendant and his representatives. The court ordered the motion to dismiss and the motion to direct verdict be submitted with the case.

In its findings of fact, conclusions of law, and judgment entry, the court made no reference and did not expressly rule upon either the motion to dismiss Division II of plaintiffs' petition or the motion to direct verdict. The trial court did not base its judgment upon the Consumer Fraud Act which was invoked by Division II of plaintiffs' petition and made no reference thereto, and further made no reference to the motion to direct.

██ I. This is a law matter tried to the court without a jury, and the court's findings of fact are binding upon us if supported by substantial evidence. Rule 344(f)(1), Rules of Civil Procedure. We have reviewed the record and conclude the trial court based its findings on substantial evidence. The court found that the statement of defendant salesmen to plaintiffs to the effect the car had been on the lot only 30 days was not true, as the car had been on the lot since April 11, 1970. The court further found that when the car was first shown to plaintiffs, it had a condition described by mechanics as "blow-by", which

could not be corrected by ordinary means, nor could it be detected by casual observation. The court found plaintiffs relied upon statements of fact relative to the condition of the car made to them by defendant's agents and that the statements so made were for the purpose of inducing plaintiffs to buy the automobile and that plaintiffs relied thereon and believed them to be true, and the court further found the statements by the seller were statements of fact and were not merely expressions of opinion. Christy v. Heil, 255 Iowa 602, 608, 123 N.W.2d 408, 412.

The court also found the statements so made to induce plaintiffs to purchase the automobile were not true and were known by the defendant not to be true, and were made only for the purpose of inducing plaintiffs to purchase the automobile, and the misrepresentations made by defendant and its agents, had been established in the record by evidence which was clear and convincing.

The court further found plaintiffs notified defendant of their intention to rescind within a reasonable time after they acquired knowledge of the existence of the car's condition and the cause for rescission, and that at the time of rescission the car was in as good or better condition as it was when it was purchased by the plaintiffs from defendant. See Dailey v. Holiday Distributing Corp., 260 Iowa 859, 873, 151 N.W.2d 477, 487.

In this jury-waived case, the findings of fact by the trial court have the effect of a special verdict. Rule 334, R.C.P. The findings were, in accordance with our view of the record, based upon substantial evidence. We find no reason to disturb the judgment of the trial court.

■ II. We turn next to defendant's contention that the trial court erred in failing to rule specifically on its motions. Defendant concedes in its written brief and argument the failure of the court to rule on the separate grounds of the motion for directed verdict, and upon the motion for dismissal of Division II of plaintiffs' petition, may not be prejudicial to it, and we incline to agree.

Certainly the trial court was required by rule 118, Rules of Civil Procedure, to rule specifically on defendants' motions, and on each separate ground thereof. Trial court's attention to its failure or omission to so rule could have been directed by post-judgment motion under rule 179(b), R.C.P. The failure of the trial court to rule specifically on the motions did not prejudice defendant in view of the court's finding, at least inferentially, that this is simply a case where fraudulent representations were made by a dealer in used automobiles, which representations were designed to induce a prospective customer to buy a car. It was incumbent on defendant to invoke the assistance of rule 179(b) and to ask the trial court to amend its ruling. In the absence of such a motion we will not assume trial court considered improper matter in making its findings, reaching legal conclusions and entering judgment. See Stanley v. State, 197 N.W.2d 599, 606 (Iowa 1972).

The error, if any, in trial court's failure to rule specifically on defendant's motions does not require reversal.

■ III. Defendant further asserts the failure of the trial court to rule on its motion to dismiss may leave open the question of criminal responsibility of the defendant under the Consumer Fraud Act, section 713.24, The Code, 1971.

This question is not before us in this case. While the attorney general has filed a brief *amicus curiae* urging a determination in this case that the provisions of the Consumer Fraud Act are available in private controversies, the question is not squarely presented by the briefs of the parties to this appeal. We must therefore decline to announce a settled position on this question as applied to the matter under consideration here.

IV. It is defendant's contention that the affirmations or statements made by its agents to plaintiffs which induced plaintiffs to purchase the automobile are of little or no import because the buyer had a right to inspect the chattel and the seller had no knowledge of latent defects. The factual situation in the matter before us has been discussed *supra* in detail. We have referred to authorities cited by defendant in support of this proposition and conclude that there is no merit in defendant's argument in this regard.

V. In reaching our conclusions we have considered each brief point asserted by defendant whether specifically referred to herein or not.

The judgment and decree of trial court is in all respects

Affirmed.