In the Matter of the ESTATE OF George W. THOMPSON, Deceased.

BRENTON BANK, N.A., f/k/a Brenton National Bank of Des Moines, Executor, and George Drulias, Beneficiary, Appellees,

v.

Viola THOMPSON, Appellant.

No. 92–2068.

Supreme Court of Iowa.

Feb. 23, 1994.

.Robert A. Schwarzkopf and Vicki R. Copeland, Wilcox, Polking, Gerken, Schwarzkopf, Hoyt & Copeland, P.C., Jefferson, for appellant.

Michael F. Mumma, Mumma & Pedersen, Jefferson, and Robert VanOrsdel, Joseph A. Quinn, and Denise M. Mendt, Nyemaster, Goode, McLaughlin, Voigts, West, Hansell & O'Brien, P.C., Des Moines, for appellees.

Considered by LARSON, P.J., and CARTER, LAVORATO, NEUMAN, and TERNUS, JJ.

TERNUS, Justice.

The appellant, Viola ("Ole") Thompson, appeals from the district court's ruling on her objections to the final report filed by the executor of the estate of her husband, George Thompson. Ole claims that the district court incorrectly calculated her distributive share and failed to award her interest on an adjustment made to her share by the court. We affirm.

I. *Facts and Proceedings.*

Upon our de novo review of this equity proceeding, we find the following facts. *See* Iowa R.App.P. 4. Thompson died testate on February 1, 1988. He was survived by his wife, Ole, and son, George Drulias. Thompson's will was admitted to probate and Brenton Bank, N.A. was appointed the executor.

Thompson's estate had a value of approximately $7,250,000. It consisted of approximately $3,180,000 in real estate and the balance in personal property. In his will Thompson left Ole their home and its contents, his automobile, a 360–acre farm, $20,-

000 (in lieu of any widow's allowance), and a life estate in other farmland owned by Thompson at the time of his death. Other than a $10,000 bequest to a niece, the residue of the estate, including the remainder interest in Ole's life estate, was devised to Thompson's son.

Ole filed an election to take against the will. *See* Iowa Code § 633.236 (1987). Stewart Lund, now deceased, initially represented Ole. He had complete authority to act on her behalf with respect to estate matters.

Lund and the executor's representatives discussed how Ole's elective share was to be determined and paid. They agreed to a division of the real property with Ole receiving approximately one-third of the real estate and Drulias approximately two-thirds. Because the real property given to Ole exceeded her one-third elective share, the parties agreed that the excess of approximately $44,000, with interest, would be a credit against her share of the personal property. The executor paid the $10,000 bequest to Thompson's niece and also made partial distributions of $800,000 to Drulias and $400,000 to Ole.

In the course of the negotiations, the executor's representatives and Lund discussed the estate and inheritance taxes. The estate owed three different taxes: (1) a federal estate tax imposed under the Internal Revenue Code, (2) an Iowa inheritance tax on the net value of property passing to particular beneficiaries, and (3) an Iowa estate tax calculated by subtracting the amount of Iowa inheritance tax from the amount of the federal credit for state death taxes. *See* 26 U.S.C. §§ 2001, 2011 (1988); Iowa Code chs. 450, 451 (1987).

The executor's representatives and Lund agreed that Ole's share would not be assessed any portion of the Iowa inheritance tax. The parties reached no agreement on how the federal and Iowa estate taxes would affect the computation of Ole's elective share.

The executor eventually filed federal estate and Iowa inheritance tax returns for the estate. The federal estate tax liability was $1,910,577. The Iowa estate tax, which equals the federal credit for state death tax, totaled $419,651. Iowa inheritance taxes were computed as $166,800.95. The estate paid all taxes with the exception of $153,000 of the federal estate tax. Drulias agreed to pay this amount in installments pursuant to Internal Revenue Code section 6166 (1988).

The executor then filed a final report showing the proposed distribution of the remaining assets of the estate. Under the proposed distribution Ole would receive one-third of the personal property remaining after payment of the federal and Iowa estate taxes.

By this time, Lund had died and Ole was represented by her present attorneys. They filed objections to the final report on her behalf. The objections were (1) her elective share of personal property should not be charged with any portion of the federal or Iowa estate tax, and (2) in the alternative, the executor computed the estate and inheritance taxes incorrectly, requiring an increase in the amount to be distributed to Ole.

The executor contended that it had accurately computed all taxes and Ole's elective share. It also claimed that Lund had agreed to the assessment of a proportionate share of the estate taxes against Ole's share of the personal property.

After a bench trial, the district court found that the executor and Ole, through her attorney Lund, had agreed that Ole's share would not be reduced by any inheritance taxes. The court also found that no agreement had been reached as to the handling of the federal and Iowa estate taxes. The court held that the executor had properly deducted one-third of the estate taxes pursuant to Iowa Code section 633.238 (1987) before calculating Ole's elective share. However, the court agreed that the executor had not computed the taxes correctly and it increased Ole's share by $42,306.

Ole appeals. She claims that the trial court erred in reducing her elective share by one-third of the federal and Iowa estate taxes and in failing to award interest on the $42,306 adjustment made to her elective share. The estate does not cross-appeal. Therefore, we do not review the trial court's decision to increase Ole's distributive share

by $42,306. *See Richardson v. Neppl,* 182 N.W.2d 384, 390 (Iowa 1970).

## II. *Computation of Widow's Elective Share.*

Iowa Code section 633.238 defines the share of a surviving spouse who elects to take against the will:

If the surviving spouse elects to take against the will, the share of such surviving spouse will be:

1. One-third in value of all the legal or equitable estates in real property possessed by the decedent at any time during the marriage, which have not been sold on execution or other judicial sale, and to which the surviving spouse has made no relinquishment of right.

2. All personal property that, at the time of death, was in the hands of the decedent as the head of a family, exempt from execution.

3. One-third of all other personal property of the decedent that is not necessary for the payment of debts and charges.

Iowa Code § 633.238 (1987). The dispute in this case centers on the correct interpretation of subsection (3) of this statute.

The executor claims that the surviving spouse's one-third share of personal property is calculated after the payment of all estate taxes. Ole contends this position is incorrect for two reasons. First, she asserts that such an interpretation of section 633.238 conflicts with Iowa's abatement statute, Iowa Code section 633.436, and the probate code provision for payment of federal estate taxes, Iowa Code section 633.449. Second, Ole argues that the assessment of a proportionate share of the estate taxes against her elective share is contrary to the will provisions dealing with payment of taxes.

In response, the executor argues that the distribution it proposed in the final report reflected an agreement made between the executor and Lund, on Ole's behalf. Alternatively, the executor contends that under section 633.238 the surviving spouse's share of personal property is computed after deduction of federal and state estate taxes. Because we find that section 633.238 requires

that the estate taxes be deducted before calculating the surviving spouse's share of personal property, we do not consider whether the parties had agreed to compute Ole's share in this manner.

*A. Effect of section 633.238.* As noted above the real property in the estate was divided pursuant to an agreement of the involved beneficiaries and the executor, Ole receiving approximately one-third. Ole has also received one-third of all personal property distributed by the executor except for the $10,000 bequest. The only assets remaining in the estate are personal property.

■ Under section 633.238 Ole should receive one-third of the personal property "that is not necessary for the payment of debts and charges." Iowa Code § 633.238 (1987). The probate code defines the word "charges" as "costs of administration, funeral expenses, cost of monument, and federal and state estate taxes." *Id.* § 633.3(4). Consequently, the clear and unambiguous terms of the statute give a surviving spouse who elects against the will a one-third share of personal property *remaining after payment of federal and state estate taxes.* That is exactly how the executor here calculated Ole's share of her husband's personal property.

■ Ole contends that this computation of the elective share conflicts with section 633.436. Section 633.436 contains the general order of abatement where the funds of the estate are insufficient to pay all debts, charges, and gifts in full. *In re Estate of DeVoss,* 474 N.W.2d 542, 543 (Iowa 1991). Under that statute, estate taxes are paid from residuary bequests before resorting to bequests to a spouse who takes under the will. Additionally, residual bequests abate for payment of the share of a spouse who elects to take against the will.

Ole's reliance on section 633.436 is misplaced. We are not concerned here with whose bequest will abate first for payment of the taxes or whether the residual bequest should abate to fund the surviving spouse's elective share. The issue here is how the surviving spouse's elective share should be calculated. That issue is addressed in section 633.238, not section 633.436. Even if

section 633.436 were relevant, it does not help Ole because there is no language in that section requiring, for purposes of payment of estate taxes, the abatement of a residual bequest before the share of a spouse who elects against the will.

■ Ole also contends that the district court's interpretation of section 633.238 conflicts with section 633.449. Section 633.449 requires that all federal and state estate taxes be paid from the property of the estate. Again, this statute is not on point. We are not concerned with who actually pays the estate taxes. In fact, the executor has paid those taxes, with the exception noted above, from estate property, just as required by section 633.449. The issue here is how Ole's elective share is calculated, an issue not addressed in section 633.449.

We understand Ole's position to be that the ultimate effect of section 633.238 is to apportion one-third of the estate taxes to the personal property received by a spouse electing against the will. To the extent this effect is inconsistent with other code provisions, section 633.238 must govern in determining a surviving spouse's elective share. *See* Iowa Code § 4.7 (1987) (if irreconcilable conflict exists between two statutes, the special provision governs). If this result is unfair, it is for the legislature to make any desired changes. We will not rewrite an unambiguous statute under the guise of interpretation. *Consolidated Freightways Corp. v. Nicholas,* 258 Iowa 115, 122, 137 N.W.2d 900, 905 (1965).

In conclusion, we hold that section 633.238(3) allows a surviving spouse who elects to take against the will one-third of the personal property remaining after payment of debts and charges, including federal estate and Iowa estate taxes. We do not consider whether that statute also requires that Iowa inheritance taxes be deducted before computing the surviving spouse's share of personal property as that issue is not before us.

■ B. *Effect of will provisions.* Ole also argues that the terms of the will require that her share not be reduced by the estate taxes. She relies on item I of Thompson's will that directs the executor to pay all estate and inheritance taxes. Item I further provides that these taxes should not be charged to any beneficiaries. Ole also points to item IV of the will that devises the residue of the estate "[s]ubject to all debts, charges and taxes." She argues that these provisions require that all taxes be paid from the residue of the estate.

We doubt that these provisions concerning payment of taxes affect the separate and distinct issue of computation of the surviving spouse's elective share. Even if they are pertinent, Ole cannot benefit from them because she has elected to take against the will. When a surviving spouse elects to take her statutory share instead of that provided by the will, she abandons all right to benefit from any provision of the will. *Rench v. Rench,* 184 Iowa 1372, 1376, 169 N.W. 667, 668 (1918); *Watrous v. Watrous,* 180 Iowa 884, 897, 163 N.W. 439, 443 (1917).

III. *Entitlement to Interest on Adjustment.*

■ Ole claims that she should be paid interest on the $42,306 increase in her distributive share. The trial court held that the executor had made errors in the computation of estate taxes that resulted in an overpayment of federal estate tax. Additionally, the erroneous calculations caused an understatement of the inheritance taxes. Because Ole and the executor had agreed that inheritance taxes would not be deducted from the personal property in determining her distributive share, these mistakes had the effect of reducing Ole's elective share of the personal property. When these errors were corrected and Ole's share recalculated, her share of the personal property increased by $42,306.

Ole reasons that had it not been for the mistakes of the executor, these funds would have been in the estate, earning interest. Therefore, she seeks to recover the interest that should have been earned on the $42,306 distributed to her. The trial court refused to award interest on this amount as do we.

The error in computing the inheritance tax did not affect the total amount of tax paid to the state of Iowa. It merely resulted in more of the total Iowa tax being characterized as inheritance tax and less of it being

characterized as Iowa estate tax. The total tax paid remained the same. Consequently, these funds would not have been earning interest in the estate even if the executor had not made a mistake in the computation of these taxes.

■ Ole also argues that the payment of inheritance tax by the executor amounted to an advance by the executor of general estate funds for the benefit of beneficiaries upon whom the inheritance tax was actually imposed. She contends that had the executor required the beneficiaries to pay this tax themselves, the estate would have had this additional amount on hand, earning interest. This argument must also fail because Thompson's will specifically directed the executor to pay all estate and inheritance taxes due from the estate or any beneficiary.

■ Finally, we consider Ole's claim to interest on her share of the overpayment of federal estate tax. The trial court refused to award interest on this amount. However, the trial court also ordered that no interest be charged on the overpayment made to Ole in the distribution of the real estate after the date of the final report, even though she has had the benefit of these funds and had agreed to pay interest on them. A court of equity has the flexibility to balance the equities between the parties. *Farmers Sav. Bank v. Gerhart*, 372 N.W.2d 238, 245 (Iowa 1985). We believe the trial court did justice to both beneficiaries in handling the interest matters in this manner.

IV. *Summary.*

The district court properly computed Ole's elective share of her husband's personal property by awarding her one-third of the property remaining after payment of federal and state estate taxes. Although Ole's share as set forth in the final report must be increased by $42,306, she is not entitled to interest on this amount.

**AFFIRMED.**