**IN THE COURT OF APPEALS OF IOWA**

No. 16-1960
Filed July 6, 2017

**IN THE MATTER OF THE ESTATE OF ELEANOR HEEMSTRA, Deceased,**
    Appellee,

**RODNEY HEEMSTRA, DEANNA JAMES,**
**and MARCIE WILKINSON,**
    Appellants.

_____

        Appeal from the Iowa District Court for Warren County, Richard B. Clogg,

Judge.


        Relatives of Eleanor Heemstra appeal the order approving the final report

of the executor of her estate.  **AFFIRMED.**


        Rodney Heemstra, Urbandale, pro se appellant.

        Deanna James, Bettendorf, pro se appellant.

        Marcie Wilkinson, Jacksonville, Florida, pro se appellant.

        R. Bradley Skinner of Skinner Law Office, P.C., Altoona, for appellee.


        Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**DOYLE, Judge.**

Relatives of Eleanor Heemstra appeal the order approving the final report of the executor of her estate. They contend the probate court erred in denying various motions and approving the report. For the reasons that follow, we affirm.

**I. Background Facts and Proceedings.**

Eleanor was married to John, who died in 1995. The couple had no children. John's will bequeathed certain real estate to Eleanor for life with the remainder interest shared equally between his siblings: Neil Heemstra, Ramona Butler, and Merrill Heemstra. His will also made certain cash bequests, which Eleanor, as executor of his estate, paid. John bequeathed his remaining property to Eleanor.

On May 10, 2006, Eleanor created a revocable living trust. The trust required that upon Eleanor's death, the trustee distribute sums of cash to certain named beneficiaries. It then required that the trustee divide the remaining trust property into separate shares and distribute those shares to a list of seventeen named beneficiaries or their descendants, per stirpes.[1] On the same day that Eleanor executed the trust document, she executed her last will and testament, which provides that the residue of her estate is to go to the acting trustee of the Eleanor Heemstra Trust for distribution in accordance with the terms of the trust.

Eleanor died in December 2014. At the time of her death, only one of her husband's siblings, Ramona Butler, survived. The petition to probate Eleanor's

---

[1] A 2009 amendment to the trust states that Rodney Heemstra "may not receive a distribution of any property of the trust estate and shall not have any beneficial interest in [the] trust under any circumstances whatsoever."

estate was filed, and Ramona was appointed executor of Eleanor's estate. She also served as trustee of the Eleanor Heemstra Trust.

The executor's final report was filed on August 30, 2016. Among those challenging it were the appellants: Rodney Heemstra and Marcie Wilkinson, children of Eleanor's deceased brother-in-law, Neil, and Deanna James, daughter of Eleanor's deceased brother. On October 21, 2016, the probate court held a hearing on the executor's final report, as well as the various motions filed by the above-named family members. None of those family members appeared at the hearing. The district court denied all pending motions and approved the executor's final report in an order filed the same day. Rodney Heemstra, Marcie Wilkinson, and Deanna James appeal.

**II. Scope and Standard of Review.**

Our review of this equitable proceeding is de novo. *See In re Estate of Johnson*, 387 N.W.2d 329, 332 (Iowa 1986). Although the district court's fact findings are not binding on us, we afford them deference. *See id.*

**III. Analysis.**

**A. Ruling on motion regarding undisclosed distributions.**

The appellants first contend the probate court erred by closing the estate prior to ruling on all motions pending before it. Specifically, Rodney Heemstra filed a document captioned "Notice to the Probate Court of Incorrect Filings and Incomplete Inheritance Tax Returns for the Estate" on June 7, 2016, alleging the estate failed to report to the IRS and Iowa Department of Revenue over $500,000 in estate assets that were allegedly distributed in the three years leading up to Eleanor's death. The estate moved to dismiss the filing, but the

probate court ruled it would consider the matter at the hearing on the executor's final report. The appellants claim the probate court failed to do so, which requires reopening of the estate.

At the hearing on the executor's final report, the following exchange occurred between the probate court and the estate's attorney:

> THE COURT: . . . It's my understanding, anyway, that neither Rodney Heemstra, . . . Deanna James, or Marcie Wilkinson, none of those people are here; is that correct?
> MR. SKINNER: That is correct, Your Honor. We have not seen . . . any of those individuals.
> THE COURT: All right, very well. And this was the opportunity for those people to appear.
> . . . .
> Now, as to the pending motions, I guess there is no one here to speak . . . on behalf of the motions that have been filed that challenge the final report and raise some other issues.
> So, Mr. Skinner, I'm going to ask you to address your amended final report and . . . I think you need to address the motions too, because I think I have to at least make some kind of a ruling on those matters. So I'm going to put the burden on you, sir, to make whatever argument you wish to make.

The estate's attorney proceeded to address each of the motions pending before the court. With regard to Rodney Heemstra's motion concerning the alleged distributions made prior to Eleanor's death, the estate's attorney stated:

> I can report to the court, Your Honor, that through the diligence of the executor and the assistance of various family members, we have tried to figure out and obtain any of the financial records of decedent in this matter. And based upon our review of that, we do not see anything in the three years leading up to her death, or even before that, of where an amounts of that—large amounts like that even added up would ever add up to that amount. The largest sum is $100,000, approximately $100,000, Your Honor, and that was for the decedent's purchase of her last residence.
> . . . And I can certainly comment to the court that the only thing in this matter that would involve that sum of money—and it doesn't deal with the estate because of the life estate interest of the decedent—was the sale of the real property earlier this year. That was in the range of 3 to 500,000. . . . It was more around 400,000,

> Your Honor. . . . So I'm not sure where those comments come from.
>      But obviously we would resist those motions in full. There is no evidence to substantiate that claim or that allegation.

On the same day, the probate court entered an order stating that all pending motions filed by the appellants were "overruled and denied."

The record indicates the probate court considered the filing regarding the distributions made prior to Eleanor's death and denied it.[2] Considering the appellants' failure to adduce evidence to support the claim the estate failed to account for the alleged distributions, the probate court properly overruled the motion. *See In re Sterling's Estate*, 92 N.W.2d 138, 144 (Iowa 1958) (noting objectors to a final report have the burden of proof in sustaining their affirmative allegations).

**B. Dower Interest.**

The appellants next allege the probate court erred in approving the final report because it did not include Eleanor's dower interest in the real estate her husband owned. The real estate at issue is the same real estate for which Eleanor received a life estate. The appellants argue that this property should have been included in Eleanor's estate because she continued to hold a dower interest in it at the time of her death.

Under Iowa law, a surviving spouse may to elect to take a distributive share of a deceased spouse's estate. *See* Iowa Code § 633.236 (1995). A surviving spouse who elects to take the statutory distributive share receives one-

---

[2] Even if the trial court failed to rule on the appellants' motions, it was incumbent on the appellants to ask for a ruling in a motion under Iowa Rule of Civil Procedure 1.904(2). *See Sauerman v. Stan Moore Motors, Inc.*, 203 N.W.2d 191, 194 (Iowa 1972).

third of the personal property that is not necessary for the payment of debts and charges. *See id.* § 633.238(1); *In re Estate of Thompson*, 512 N.W.2d 560 (Iowa 1994). The statute is clear that a spouse electing to take the distributive share takes it "in lieu of any property the spouse would otherwise receive under the last will and testament of the decedent." Iowa Code § 622.238(3)

The appellants argue "dower rights and a life estate interest given from a spouse are separate and distinct real estate interests." However, a surviving spouse must elect between taking under the will and taking a distributive share of the estate. *See Coomes v. Finegan*, 7 N.W.2d 729, 731 (Iowa 1943). When a spouse elects to take the distributive share provided by statute, all right to benefit from any provision of the will is abandoned. *See Thompson*, 512 N.W.2d at 564. Likewise, when a surviving spouse elects to take under the provisions of the will, the surviving spouse waives the dower estate in the property. *See Van Veen v. Van Veen*, 238 N.W. 718, 723 (Iowa 1931). Eleanor elected to take under her husband's will, which provided a life estate in the property at issue. She thereby waived her dower interest in the property.

### C. Res Judicata.

The appellants allege the probate court erred in failing to recognize and enforce the doctrine of res judicata in approving the final report. The rules concerning the doctrine of res judicata and when it may be applied are well set out by our supreme court and need not be repeated here. *See, e.g.*, *Spiker v. Spiker*, 708 N.W.2d 347, 353-58 (Iowa 2006). Even assuming the doctrine is applicable, the rulings the appellants rely on do not support the claims they make on appeal.

The appellants first claim a September 15, 2015 report and inventory filed by the estate lists Eleanor's dower interest in the property and argue it became the law of the case when the probate court affirmed the actions of the executor and attorney for the estate in a March 1, 2016 order. The September 15, 2015 report and inventory lists the real estate in question under section B of "Schedule G—Transfers During Decedent's Life," which required the estate to "[l]ist all transfers in which the decedent retained a life estate or interest, or which were to take effect in possession or enjoyment at death." Paragraph 10 provides the legal description of the real estate and states that Eleanor "had a life estate in this real estate with a remainder interest in Neil Heemstra, Ramona Butler, and Merrill Heemstra." It does not state that Eleanor held any dower interest in the real estate.

The appellants also claim the probate court ignored their objections regarding missing assets, noting the inventory report listed $931,568.67 in assets in the estate and the final report only listed $191,970.42 available for distribution to the beneficiaries of the estate. The figure cited in the inventory report was the total gross of Eleanor's estate for purposes of calculating inheritance tax. It includes $870,594.48 in assets transferred during Eleanor's lifetime. In a September 23, 2015 letter, the Iowa Department of Revenue asked the estate to remove the real estate in question from "Schedule G" because it is "real estate that is from the deferred estate of John W. Heemstra." Accordingly, the figure cited by the appellants does not reflect the amount of the estate available for distribution to the beneficiaries.

**D. Jurisdictional Issues.**

Finally, the appellants contend the probate court erred in denying a motion regarding the trust. They claim that at the hearing on the executor's final report, the estate's attorney made what they allege to be an erroneous statement that the probate court lacked jurisdiction over the trust. They argue the orders approving the executor's final report and denying their motions must be reversed because "it is unknown" if the probate court relied upon this allegedly erroneous claim that the court lacked jurisdiction in denying their motions.

A claim of subject matter jurisdiction may be raised at any time, even for the first time on appeal. *See In re Melodie L.*, 591 N.W.2d 4, 6 (Iowa 1999). However, the appellants are not raising the question of the probate court's jurisdiction for the first time on appeal. Rather, they are claiming for the first time on appeal that the probate court *may* have erred by determining it lacked jurisdiction over the trust. In order for error to be preserved for our review, the trial court must rule on an issue properly raised. *See Addison v. Knight, Hoppe, Kurnik & Knight, L.L.C.*, 734 N.W.2d 473, 479 (Iowa 2007). If the court fails to make a ruling on an issue, the party raising the issue must ask the court for a ruling in order to preserve it for appeal. *See id.* The appellants never filed a motion under Iowa Rule of Civil Procedure 1.904(2) asking the court to expand on its ruling. Instead, the appellants speculate as to whether the trial court made the ruling in question. Now, on appeal, the appellants ask us to reopen the proceedings and return them to the trial court based on this speculation. We decline to do so. *See Teamsters Local Union No. 421 v. City of Dubuque*, 706 N.W.2d 709, 713 (Iowa 2005) (finding plaintiff failed to preserve review on issue

where the district court did not address the issue in its written decision and the plaintiff failed to file a motion to enlarge; although the plaintiff argued the district court "impliedly decided" the issue against him, the supreme court noted "our preservation-or-error rule does not draw any such assumptions," noting that although it will "assume, for purposes of appellate review, that the district court considered and rejected all defenses to a claim on its merits when not specifically addressed in its ruling, this rule is inapplicable to our rule requiring error to be preserved").  Because the issue is not properly before us on appeal, we decline to consider the speculative nature of their argument.

We affirm the orders denying the appellants' motions and approving the executor's final report.

**AFFIRMED.**